```
UNITED STATES DISTRICT COURT            FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DOUGLAS HATCHER,                        :
                                        :
                 Plaintiff,             :         MEMORANDUM
                                        :         AND ORDER
                                        :
        -against-                       :         06 CV 999 (JG)
                                        :
JO ANNE B. BARNHART,                    :
Commissioner of Social Security,        :
                                        :
                 Defendant.             :
----------------------------------------------------------X
```

A P P E A R A N C E S:

    BEDFORD STUYVESANT COMMUNITY
        LEGAL SERVICES CORPORATION
        1360 Fulton Street, Suite 301
        Brooklyn, NY 11216
By:    Jasbrinder Sahni, Esq.
        Attorneys for Plaintiff

    ROSLYNN R. MAUSKOPF
        United States Attorney
        Eastern District of New York
        147 Pierrepont Street
        Brooklyn, NY 11201
By:    Kenneth A. Stahl
        Assistant United States Attorney
        Attorney for Defendant

JOHN GLEESON, United States District Judge:

        Douglas Hatcher applied to the Social Security Administration ("SSA") for supplemental security income benefits on September 17, 2001. His application was denied. He has brought this action, the second before me in his dispute with the agency, under Title II of the Social Security Act, 42 U.S.C. § 405(g) (2000), asking that I review the dismissal of his request for a hearing before an administrative law judge ("ALJ") of the SSA. The ALJ dismissed the request because Hatcher failed to appear for a scheduled hearing. Before me now are (1) the

Commissioner of Social Security's motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and (2) Hatcher's cross-motion to remand for a new agency hearing or, in the alternative, for a hearing on whether the dismissal was appropriate. Because I conclude that Hatcher has a colorable due process claim that he lacked constitutionally adequate notice of the hearing, I hold that I have subject matter jurisdiction. Nevertheless, there is insufficient evidence for me to reach a judgment on Hatcher's due process claim. Accordingly, I remand this case for the Commissioner to determine whether the SSA provided adequate notice to Hatcher of his hearing. The Commissioner's decision will, of course, be subject to review by this Court.

BACKGROUND

As mentioned above, this is Hatcher's second appearance before me in his case. On July 2, 2004, he sued the Commissioner of Social Security in the Southern District of New York, seeking judicial review of the SSA's denial of his application for supplemental security income. That same day, the lawsuit was transferred to this Court, but on February 4, 2005 the parties stipulated to a remand for additional proceedings. *See* docket of *Hatcher v. Comm'r of Soc. Sec.*, No. 04-CV-9895.

Following an order of remand by the Appeals Council, on July 8, 2005 the SSA mailed a "Notice of Hearing" form to Hatcher at "1544 Park Place, Brooklyn, NY 11213." *See* Declaration of John J. Timlin ("Timlin Decl."), Ex. 1. The Commissioner states this was Hatcher's "last know [sic] address of record" with the agency. *Id.* ¶ 3(b). Hatcher received the notice, returning an acknowledgment of receipt form to the SSA. *See id.* Ex. 2. Hatcher appeared at the August 2, 2005 hearing and was granted an adjournment so he could obtain

2

counsel. *See id.* Ex. 3 at 6. Accordingly, SSA mailed a second "Notice of Hearing" form to Hatcher at his address of record, advising him of a new hearing on November 30, 2005. *Id.* Ex. 4 at 1.

This time, Hatcher claims, he did not receive the notice. Affidavit of Douglas Hatcher ("Hatcher Aff.") ¶ 8. According to Hatcher, the address the SSA used was incomplete. His correct address is apparently "1544 Park Place, *Apt. 2F*, Brooklyn, NY 11213." *Id.* ¶ 10 (emphasis added). Hatcher states, "Sometimes I do not receive mail that is not addressed specifically to my apartment number." *Id.* Apparently this occurs when his regular postal carrier is on leave or vacation. *Id.* According to the SSA, however, the post office did not return the notice as undeliverable. Timlin Decl. ¶ 3(f). Hatcher also claims not to have received the follow-up notice sent to the incomplete address on record with SSA. Hatcher Aff. ¶ 8. The SSA claims that notice was not returned either. Timlin Decl. ¶ 3(g).

Hatcher did not appear at the rescheduled hearing, and on December 28, 2005 the SSA mailed a "Notice of Dismissal" to the incomplete address of record. *Id.* ¶¶ 3(g), (i). Hatcher did receive this notice. Hatcher Aff. ¶ 8. Hatcher's subsequent request for review was denied by the Appeals Council on January 21, 2006. Timlin Decl. ¶ 31. On February 27, 2006 Hatcher filed this action.

The record is not clear on why Hatcher's address on file with the SSA lacked the crucial "Apt. 2F." On the one hand, Hatcher has been responsible for omitting the apartment number from time to time. For example, he left out the apartment number in his request for review by the Appeals Council below, *see* Timlin Decl. Ex. 7, and in correspondence during his July 2, 2004 lawsuit before me, *see* docket of *Hatcher v. Comm'r of Soc. Sec.*, No. 04-CV-9895.

3

Indeed, the complaint in this very action lists his address on the first page as "1544 Park Place, Bklyn, N.Y. Apt. 2F 11213," but on the third page as "1544 Park Place, Bklyn, N.Y. 11213." *See* Compl. at 1, 3. On the other hand, when Hatcher first filed his application for supplemental security income benefits he had been living at a different address. Hatcher Aff. ¶ 3. The record does not reflect whether Hatcher informed the SSA of the correct new address when he moved while his first Appeals Council review was pending.

Hatcher has since reapplied for supplemental security income, presenting new evidence of his disability, and he has been awarded benefits prospectively. At stake is Hatcher's entitlement to benefits pursuant to his original application.

DISCUSSION

The question presented is whether I have subject matter jurisdiction over the dismissal of Hatcher's case. The Commissioner argues that I do not, and has brought a motion to dismiss accordingly. Hatcher argues that I do, and asks me to reverse and remand his claim for an agency decision on the merits. In the alternative, Hatcher asks me to remand to allow him "an opportunity to explain the reasons for not appearing at the November 30, 2005 hearing." Hatcher Aff. ¶ 14.

42 U.S.C. § 405(g) permits judicial review of certain claims for disability benefits. That provision is the only waiver of sovereign immunity in the Act. It is thus the Act's exclusive statutory authority for judicial review. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *see also id.* § 1383(c)(3) (authorizing review

of supplemental security income claims pursuant to § 405(g)). In particular, § 405(g) authorizes that:

> Any individual, after any final decision of the Commissioner of Social Security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*Id.* § 405(g) (emphasis added). The Supreme Court concluded in *Califano v. Sanders*, 430 U.S. 99 (1977), that "[t]his provision clearly limits judicial review to a particular type of agency action, a final decision of the [Commissioner] made after a hearing." 430 U.S. at 108 (internal quotation marks omitted). Accordingly, the Court held that the Commissioner's denial of a petition to reopen a final decision without a hearing on the matter, *see* 42 U.S.C. § 405(b), was not an agency action subject to judicial review under § 405(g). *See Califano*, 430 U.S. at 108. Courts have extended the holding of *Califano* to an ALJ's dismissal of a disability claim for failure to appear at a hearing, under the rationale that "when there was no hearing and determination of the merits by a final decision, there is nothing for the court to review . . . ." *Plagianos v. Schweiker*, 571 F. Supp. 495, 497 (S.D.N.Y. 1983) (holding unreviewable an ALJ dismissal for plaintiff's two-time failure to appear at scheduled hearings to contest denial of application); *see also Lesane v. Apfel*, No. CV 98-4738 (RJD), 1999 WL 1288940, at *2 (E.D.N.Y. Nov. 17, 1999) (collecting cases).

As a general rule, then, § 405(g) precludes subject matter jurisdiction over cases like the one here, in which Hatcher's failure to appear triggered a "final decision" made without a hearing. However, *Califano* provides an exception for the exercise of subject matter jurisdiction pursuant to § 405(g) over "colorable constitutional claims" relating to an agency

5

decision, because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Califano*, 430 U.S. at 109.

Courts have previously exercised subject matter jurisdiction to adjudicate constitutional claims relating to SSA denials of supplemental security income. For example, in *Crumble v. Sec'y of Health and Human Servs.*, 586 F. Supp. 57, 58 (E.D.N.Y. 1984), the SSA dismissed the plaintiff's request for a hearing on the termination of his supplemental security income payments after plaintiff failed to appear. Plaintiff alleged that while he received notification of the termination of his payments, he failed to receive the notice of hearing and "Notice To Show Cause" sent by the SSA because the agency had omitted the apartment number from his address. *Id.* He further alleged that the signature on the return receipt for the "Notice to Show Cause" was not his. *Id.* The district court remanded, having "reviewed plaintiff's asserted explanation," and "direct[ed] the ALJ to accord claimant an opportunity to substantiate his explanation at the agency level." *Id.* at 60-61. The court, citing "fundamental notions of due process," found that a contrary holding would contradict the purpose of the notice given to the plaintiff. *Id.* at 61.

Hatcher relies heavily upon *Crumble*, arguing that I have subject matter jurisdiction because he has a colorable claim under the Due Process Clause that the SSA failed to give him adequate notice of the hearing he missed. "Though [Hatcher] is ultimately seeking an opportunity to reopen the denial of [his] claim for benefits, [he] wants the Court to adjudicate only the constitutional validity of the notice that led to the denial." *Stieberger v. Apfel*, 134 F.3d

6

37, 39 (2d Cir. 1997). Accordingly, I now turn to the determination of whether Hatcher has a colorable claim.

One core requirement of the Due Process Clause is that "individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" *Dusenberry v. United States*, 534 U.S. 161, 167 (2002) (quoting *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993)). The issue in this case, of course, concerns the adequacy of notice. For the purposes of deciding whether Hatcher's due process claim is colorable, I adopt his adversary's suggestion that *Dusenberry v. United States*, 534 U.S. 161 (2002), supplies the appropriate standard. In *Dusenberry*, the Supreme Court approved the "more straightforward test" supplied by *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), *Dusenberry*, 534 U.S. at 167, under which a court asks whether notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection," *Mullane*, 339 U.S. at 314. *Accord Stieberger*, 134 F.3d at 39 (citations omitted) ("In many, perhaps most, contexts, notice is constitutionally sufficient if it is reasonably calculated to reach and inform the person entitled to be notified . . . ."). The government need not provide actual notice under this standard, *Dusenberry*, 534 U.S. at 169-70, but it does bear the burden of proof that it followed its procedures in giving notice, *see id.* at 168.

I conclude that Hatcher has a colorable due process claim under this standard. The parties do not dispute that the agency sent Hatcher's notice to an incomplete address. The parties disagree about the reasonableness *vel non* of sending notice to Hatcher's address without an apartment number. The government argues that such action was reasonably calculated under

7

the circumstances to apprise Hatcher of the pending action against him, because the agency had good reason to believe the incomplete address was correct. After all, Hatcher himself often omitted the apartment number from his address, and had previously responded to mail sent by the agency the incomplete address. Hatcher, on the other hand, suggests that the omission was a clerical mistake by the agency. If that is true, the notice was not likely "calculated" to reach Hatcher at all, much less reasonably so. *Cf.* 20 C.F.R. § 416.1489(a) ("We will find that there is good cause to reopen a determination or decision if . . . [a] clerical error was made . . . ."). On the facts before me, either party's theory is at least plausible, and therefore I conclude that Hatcher has at least a colorable claim. I hold, therefore, that I have subject matter jurisdiction to fully review the constitutionality of the notice provided to Hatcher. Accordingly, I do not address Hatcher's remaining arguments for subject matter jurisdiction.[1]

The record before me, however, supplies insufficient evidence for me to adjudicate whether the notice was in fact reasonably calculated to apprise Hatcher of the hearing. I have no way to discern whether the error was clerical, Hatcher's own, or both. I do not know whether the SSA followed its procedures in keeping track of or updating Hatcher's address, or indeed whether clerical errors of the sort Hatcher alleges are possible. I do not know whether the SSA was timely informed of Hatcher's correct address. I do not know whether Hatcher's file ever contained the correct address. I therefore cannot adequately judge whether the government's notice was reasonable. I conclude that remand is appropriate because "the

---

[1] Of course, the similarity of the facts between *Crumble* and this case provides further support that Hatcher's due process claim is at least "colorable." Here, as in *Crumble*, the plaintiff pleads the excuse that the notices of his hearing were sent to an address missing an apartment number. Here, as in *Crumble*, plaintiff had previously received notices from the agency at that insufficient address. *See Crumble*, 586 F. Supp. at 58. Nevertheless, the district court remanded, finding that the plaintiff's explanation warranted further substantiation at the agency level. I see no reason to fault this reasoning by holding that such a claim is not colorable.

expertise of the SSA should be enlisted to make an initial determination, subject to traditional judicial review to determine if an adverse decision is supported by substantial evidence." *Stieberger*, 134 F.3d at 41.

## CONCLUSION

For the reasons set forth above, the case is remanded to the Commissioner for further proceedings consistent with this opinion.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
November 4, 2006